UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No.: 05-30058-~~MAP~~ RWZ |
| | ) |
| CANDACE MATEO | ) |

## OBJECTIONS TO PRESENTENCE REPORT

1. The Defendant objects to paragraphs nineteen (19) through thirty (30) of the pre-sentence report. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." United States v. Booker, 543 U.S. 220 (2005). See also Apprendi v. New Jersey, 530 U.S. 466 (2000).

2. The Defendant objects to paragraph thirty-four (34) of the pre-sentence report. The Defendant maintains that this "Criminal Conviction" was dismissed and thus should not count against her in calculating her Criminal History Category.

3. The Defendant objects to paragraph thirty-six (36) of the pre-sentence report. The Defendant maintains that her conviction for "shoplifting" should not be counted in calculating her Criminal History Category pursuant to § 4A1.2(c)(1). See United States v. Lopez-Pastrana, 244 F.3d 1025 (9th Cir. 2001) (holding that shoplifting is "similar to" passing an insufficient funds check, which is listed in § 4A1.2(c)(1) as not counting in criminal history).

4. The Defendant objects to paragraphs thirty-seven (37) and thirty-eight (38) of the pre-sentence report. The Defendant asserts that some of the convictions should not be considered and if they are the Defendant asserts that her Criminal History Category overstates her prior offenses.

5. The Defendant objects to paragraph forty-one (41) of the pre-sentence report. The Defendant maintains that this matter should not be counted in calculating her Criminal History Category pursuant to § 4A1.2(c)(1). According to the Presentence Report the offense is "Counterfeit Motor Vehicle Sticker." See Presentence Report ¶ 41. The Defendant maintains that this offense is also "similar to" the offenses listed in § 4A1.2(c) and thus should likewise be excluded from the calculation of her Criminal History points.

6. The Defendant objects to paragraph ninety (90) of the pre-sentence report. "Other than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a

reasonable doubt." United States v. Booker, 543 U.S. 220 (2005). See also Apprendi v. New Jersey, 530 U.S. 466 (2000).

7.  The Defendant objects to paragraph one hundred and one (101) as she does not have the ability to pay.

                                                Respectfully Submitted,
                                                Candace Mateo
                                                By Her Attorney:

                                                _____
                                                Joseph D. Bernard
                                                The Law Offices of Joseph D. Bernard, P.C.
                                                73 State Street, Suite 301
                                                Springfield, MA 01103
                                                (413) 731-9995
                                                (413) 730-6647 fax
Date:  July 5, 2006                        BBO#: 557986

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | ) Criminal Action No.: 05-30058-MAP |
| | ) |
| CANDACE MATEO | ) |

CERTIFICATE OF SERVICE

I hereby certify that on July 5, 2006, a true copy of the above document was served by FIRST CLASS MAIL and FAX upon United States Probation Officer Jo Lyness, Probation Office, 1 Courthouse Way, Suite 1200, Boston, MA 02210.

Joseph D. Bernard
The Law Offices of Joseph D. Bernard, P.C.
73 State Street, Suite 301
Springfield, MA 01103
(413) 731-9995
(413) 730-6647 fax
BBO#: 557986

Date:   July 5, 2006