UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA,    )
                                      )
        v.                  )      Criminal No. 05-30058-RWZ
                                        )
CANDACE MATEO,            )
           Defendant.    )

GOVERNMENT'S OBJECTION TO DEFENDANT'S
MOTION FOR DOWNWARD DEPARTURE

The United States of America, by and through its undersigned attorneys, files the Government's Objection to Defendant's Motion for Downward Departure.  The government relies on the following in support thereof.

The defendant moves that the Court "deem [the defendant] eligible for the 'safety valve' provision of U.S.S.G. § 5C1.2". Motion for Downward Departure at 1, Memorandum in Support of Motion for Downward Departure at 2, 12-14.  Preliminarily, the defendant is not eligible for the safety valve because she has at least two and possibly three criminal history points.  As set forth in the Presentence Report (PSR) at ¶ 34, the defendant has one criminal history point based upon an admission to sufficient facts and the entry of a continuance without a finding (CWOF) for assault and battery in 2002.

Further, as sent for in ¶ 36 of the PSR the defendant received one point for a shoplifting conviction in 2004. Finally, as sent forth in ¶ 41 of the PSR, the defendant may have a third criminal history point as a result of a CWOF entered on a

charge of counterfeit motor vehicle sticker entered in 2006 while

she was on pretrial release in this case.  Pursuant to U.S.S.G. §

5C1.2(a)(1), the defendant is not eligible for the safety valve

because she has more than one criminal history point.  The

defendant is also ineligible for the safety valve because the

government is unaware of any proffer by the defendant regarding

the facts of the current offense of conviction as required by

U.S.S.G. § 5C1.2(a)(5).

The government also objects to the defendant's request for a

downward departure.  The defendant moves for reduction of her

Criminal History Category (CHC) from II to I because "her prior

record over represents the seriousness of her criminal

history..".  Memorandum at 4.  The defendant relies upon United

States v. Lacy, 99 F. Supp. 2d 108, 119 (D. Mass. 2000) which

held the Court may adjust the CHC where the "defendant's record

is largely non-violent and relatively minor offenses."  Here, the

defendant is in CHC II despite the fact that she has two violent

felony convictions.  As set forth in ¶ 33 of the PSR the

defendant was convicted of assault and battery with a dangerous

weapon (ABDW) in 1998 and assault and battery in 2002.  The

defendant did not receive any criminal history category points

for the ABDW conviction because she was under 18 years old.

Because the defendant's criminal history is serious the Court

should not reduce her CHC from category II to category I.

The defendant also seeks a downward departure of two offense levels because she was a minor participate pursuant to U.S.S.G. § 3B1.2 in the charged crime.  This case involves one crack cocaine deal conducted by the defendant and co-defendant Michael Preston.  Preston met the cooperating witness (CW) on May 25, 2005.  The CW drove Preston around while they negotiated the deal.  Preston told the CW that he was waiting for his source of supply, who was running late.  Preston received several calls on his cell phone during the drive.  Eventually, Preston told the CW to drive to a market in Pittsfield, MA.  Preston got out of the CW's car, walked up to a car driven by the defendant and remained there briefly.  Preston then got back into the CW's car and sold the CW the crack cocaine.  PSR at ¶¶ 9-15.  Because the defendant and co-defendant Preston were equally culpable, the Court should deny the defendant's request for a downward departure for being a minor participant.

The defendant also requests a downward departure based upon her family ties and responsibilities pursuant to U.S.S.G. § 5H1.6.  Memorandum at 7.  This request is based upon the fact that the defendant has a five year old daughter and the child's father is incarcerated.  Memorandum at 8.  However, the defendant admits that her daughter "will have extended family to care for her while [the defendant] serves her sentence...".  Id.  Further, the defendant has stated that "she believes that her mother and

grandmother will care for her daughter if necessary [while incarcerated].  PSR ¶ 62.  The Court should deny the request for a downward departure regarding family responsibilities because there are at least two members of the defendant's family who can care for the defendant's daughter while she is incarcerated.

The defendant also seeks a downward departure because of "her difficult childhood and the obstacles that she has been presented with during her life.... including... her parents history of drug abuse."  Memorandum at 11.  The defendant was raised by her maternal grandmother who the defendant described as "a wonderful caregiver."  PSR ¶52.  The defendant's upbringing by her grandmother does not justify a downward departure in this case.

Therefore, the government objects to the defendant's requests to be considered eligible for the safety valve and motion for downward departure and moves that the Court sentence the defendant to a sentence within the guideline range of 78 to

87 months.

                                    Respectfully submitted,

                                    MICHAEL J. SULLIVAN
                                    United States Attorney

                                    /s/ Todd E. Newhouse
                         By:        _____
                                    Todd E. Newhouse
                                    Assistant U.S. Attorney




                        CERTIFICATE OF SERVICE

Hampden,  ss.                       Springfield, Massachusetts
                                    July 24, 2006

     I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby
certify that this document(s) filed through the ECF system will
be sent electronically to the registered participants as
identified on the Notice of Electronic Filing (NEF) and paper
copies will be sent to those indicated as non-registered
participants.


                                    /s/ Todd E. Newhouse

                                    TODD E. NEWHOUSE
                                    Assistant U.S. Attorney