```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA    )
                            )      Criminal No. 05-30058-RWZ
                            )
                            )
        v.                  )
                            )
CANDACE MATEO               )
        Defendant.          )
```

### GOVERNMENT'S RENEWED MOTION PURSUANT TO F. R. CRIM. P. 35(b) TO REDUCE SENTENCE AND MOTION PURSUANT TO 18 U.S.C. § 3553(e) FOR A SENTENCE BELOW THE 60 MONTH MINIMUM MANDATORY

The United States of America, by and through its undersigned attorneys, hereby files the Government's Renewed Motion Pursuant to F. R. Crim. P. 35(b) to Reduce Sentence and Motion Pursuant to 18 U.S.C. § 3553(e) for a Sentence Below the 60 Month Minimum Mandatory. The government previously filed it's original Motion on July 13, 2007 and no date has been set for re-sentencing.

On July 25, 2006, the defendant was sentenced to a 60 month minimum mandatory sentence pursuant to 21 U.S.C. § 841(b)(1)(B)(iii). The government now moves pursuant to F. R. Crim. P 35(b) that the Court reduce the defendant's sentence based upon substantial assistance the defendant provided subsequent to her sentencing. Further, based upon the defendant's substantial assistance, the government moves pursuant to 18 U.S.C. § 3553(e), that the Court sentence the defendant below the 60 month minimum mandatory. The government relies on the following in support thereof.

**1**

The defendant filed a Notice of Appeal after she was sentenced and requested a court appointed attorney to represent her.  Attorney Lisa Aidlin was appointed, and pursuant to the schedule established by the First Circuit, filed the appellant's opening brief on May 22, 2007.  On or about that date Attorney Aidlin learned for the first time that the defendant had testified in March of 2007 on behalf of the Berkshire [Pittsfield, MA] District Attorney's Office in a Superior Court trial against two defendant's charged with violent felonies including assault with a dangerous weapon.  The government was also unaware of the defendant's cooperation with state authorities.

Attorney Aidlin notified the undersigned counsel for the government who confirmed with Berkshire County First Assistant District Attorney Paul Caccaviello that on or about March 8, 2007 the defendant testified as a Commonwealth witness.  ADA Caccaviello informed the government that the defendant was in a car chased by two male defendants who shot at the defendant's car.  The government was informed that the defendant was instrumental in convincing two other witnesses to cooperate with the Commonwealth and testify at trial.  ADA Caccaviello informed the government that without the testimony of the defendant the Commonwealth would not have been able to go to trial and that her testimony was credible and was essential in convicting two

defendants who were subsequently sentenced to state prison. ADA Caccaviello stated that when he arranged to have the defendant testify, he did not know she was pursuing an appeal and was represented by an attorney.

Based upon the defendant's substantial assistance the government moves pursuant to Rule 35(b) and § 3553(e) that the Court depart downward 40% and sentence the defendant to 36 months.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney

/s/ Todd E. Newhouse
TODD E. NEWHOUSE
Assistant United States Attorney

CERTIFICATE OF SERVICE

Hampden, ss.                           Springfield, Massachusetts
                                       October 23, 2007

I, Todd E. Newhouse, Assistant U.S. Attorney, do hereby certify that I have served a copy of the foregoing, via ECF to all counsel of record.

/s/ Todd E. Newhouse
TODD E. NEWHOUSE
Assistant U.S. Attorney